ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| IDALIA ENID RAMOS PONCE<br><br>Recurrida<br><br><br>V.<br><br><br>RICARDO ARROYO TORRES<br><br>Peticionario | KLCE202401379 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br>_____<br>Caso Civil: LU2023CV00160 –_____<br>SOBRE:<br>LIQUIDACIÓN DE SOCIEDAD POST GANANCIAL |
| --- | --- | --- |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece ante nos el señor Ricardo Arroyo Torres ("Sr. Arroyo" o "Peticionario"), quien nos solicita que revisemos la Resolución emitida dictada el 21 de octubre de 2024[1] por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("foro primario" o "foro recurrido"). En dicha Resolución, el foro primario determinó que corresponde acreditarle el cincuenta por ciento de las aportaciones al plan de retiro del Sr. Arroyo y sus intereses a favor de la señora Idalia Enid Ramos Ponce ("Sra. Ramos" o "Recurrida").

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del recurso ante nuestra consideración.

---

[1] Notificada el 22 de octubre de 2024.

Número Identificador

RES2025_____

-I-

El 28 de julio de 2023, la Sra. Ramos presentó una *Demanda[2]* contra el Peticionario sobre liquidación de Sociedad Post Ganancial. Oportunamente, el 5 de septiembre de 2023 el Sr. Arroyo presentó la *Contestación a Demanda[3].* Luego de varios trámites procesales, el 23 de septiembre de 2024 se celebró la Conferencia con Antelación a Juicio. En dicha conferencia, el foro recurrido les concedió a las partes treinta (30) días para presentar sus respectivos memorandos de derecho sobre el cómputo de los créditos por concepto de las aportaciones a los planes de retiro[4]. El 21 de octubre de 2024, habiendo presentado las partes los memorandos de derecho, el foro primario emitió una *Resolución[5]* en la que determinó que corresponde acreditarle el cincuenta por ciento de las aportaciones al plan de retiro del Sr. Arroyo y sus intereses a favor de la Sra. Ramos. Inconforme con dicha determinación, el Peticionario presentó una *Reconsideración a Resolución del 21 de octubre de 2024 y Solicitando Vista[6].* En respuesta a dicha moción, el 20 de noviembre de 2024 la Recurrida presentó una *Moción en Oposición a Reconsideración[7].* Así las cosas, el 21 de noviembre de 2024, el foro primario emitió una *Orden[8]* en la que declaró *No Ha Lugar* la moción de reconsideración presentada por el Peticionario. Inconforme con dicha determinación, el 20 de diciembre de 2024 el Sr. Arroyo

---

[2] Véase Apéndice 1 del recurso de *certiorari*, págs. 1-3.
[3] Véase Apéndice 1 del recurso de *certiorari*, págs. 11-13.
[4] Véase Entrada 24 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Véase Apéndice 14 del recurso de *certiorari*, págs. 91-94.
[6] Véase Apéndice 15 del recurso de *certiorari*, págs. 96-261.
[7] Véase Apéndice 17 del recurso de *certiorari*, págs. 263-269.
[8] Véase Entrada 35 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

acudió ante nos mediante recurso de *certiorari* e hizo los siguientes señalamientos de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RECONOCER UN CRÉDITO SOBRE UN BIEN MUEBLE (FONDO DE APORTACIÓN ACUMULADAS DE RETIRO) INEXISTENTE AL MOMENTO DEL DIVORCIO.**[9]
>
> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A CELEBRAR VISTA EVIDENCIARIA PARA RECIBIR EVIDENCIA TESTIFICAL AÚN CUANDO SU DETERMINACIÓN DISPONDRÍA DE LA ÚNICA CONTROVERSIA DEL CASO**

-II-

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[10]

Mediante la Regla 52.1 de Procedimiento Civil de 2009[11], se hizo un cambio trascendental respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del TPI mediante recurso de *certiorari*. A tales efectos, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que

---

[9] Énfasis en el original.
[10] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[11] 32 LPRA Ap. V, R. 52.1.

revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Por tanto, el asunto planteado en el recurso instado por el promovente debe tener cabida bajo alguno de los incisos de la Regla 52.1, *supra*, pues el mandato de la referida regla establece taxativamente que "*solamente será expedido*" el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, aquellos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[12]

Así las cosas, el primer examen que debe pasar todo recurso de *certiorari* para ser expedido es que tenga cabida bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil.

---

[12] La Ley Núm. 177 del 30 de noviembre de 2010 "extendió la facultad de presentar recursos de *certiorari* para revisar también aquellas órdenes o resoluciones interlocutorias dictadas por el foro primario que involucren asuntos de interés público o que presenten situaciones que demanden la atención inmediata del foro revisor, pues aguardar hasta la conclusión del caso conllevaría un 'fracaso irremediable de la justicia'" *IG Builders, et al. v. BBVAPR*, 185 DPR 307 (2012).

Superada esta primera etapa, procede hacer nuestro examen tradicional caracterizado por la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. A pesar de ser un asunto discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

*G.* Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

Por tanto, la discreción judicial "*no se da en un vacío ni en ausencia de otros parámetros*", sino que el tribunal revisor debe ceñirse a los criterios antes transcritos.[14]

Si luego de evaluar los referidos criterios, el tribunal no expide el recurso, queda a su discreción

---

[13] Véase Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.
[14] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

fundamentar su determinación, debido a que no tiene la obligación de hacerlo.[15] Esto es cónsono con el fundamento cardinal para la adopción de la Regla 52.1, *supra*, que es "*atender los inconvenientes asociados con la dilación que el antiguo esquema ocasionaba en los procedimientos, así como la incertidumbre que se suscitaba entre las partes del litigio*".[16]

-III-

En síntesis, el Peticionario aduce que erró el foro primario al declarar *No Ha Lugar* la moción de reconsideración. Luego de llevar a cabo un examen minucioso del recurso ante nos, y de revisar los criterios de la Regla 52.1 y la Regla 40, *supra,* concluimos que no existen razones que justifiquen nuestra intervención con la determinación recurrida. Como tribunal revisor, sólo debemos intervenir con las determinaciones interlocutorias del foro primario cuando se demuestre que este último actuó con prejuicio, parcialidad, con craso abuso de su discreción o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo.

En el caso de autos, el Peticionario no nos ha puesto en posición de concluir que se haya cumplido alguno de los criterios antes enunciados. Por todo lo cual, concluimos que debe prevalecer el criterio del foro primario.

Además, la impugnación de la determinación del TPI sobre la ganancialidad de las aportaciones es errada en derecho, ya que la anualidad a ser recibida por el peticionario, la cual será privativa hasta su muerte,

---

[15] Véase 32 LPRA Ap. V, R. 52.1.
[16] *IG Builders, et al. v. BBVAPR, supra,* a la pág. 336.

fue alimentada por las aportaciones gananciales realizadas durante el matrimonio. Las distribuciones de capital que le son reportadas al peticionario, solamente son válidas para propósitos contributivos, con el fin de reducir la base contributiva de la distribución bruta recibida y tributar por el neto. En nada tiene que ver eso con si las aportaciones son gananciales o no.

-IV-

Por los fundamentos antes expuestos se **deniega** el recurso de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*